IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

EDWARD J. WASHINGTON,

    Plaintiff,

v.                                          Case No. 2:19-cv-00280

LINDA COLBIRD, L.P.N.,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Defendant's Motion to Dismiss (ECF No. 35), which asserts that Plaintiff's Complaint fails to state a plausible claim upon which relief can be granted against her.

    I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's complaint arises out of an alleged medication error made by Defendant during evening pill pass at the Mount Olive Correctional Complex ("MOCC"). (ECF No. 2). According to the complaint, on April 14, 2018, Plaintiff was awakened around 11:00 p.m. to receive his nightly medication. (*Id.* at 4). Plaintiff alleges that he was handed two pill cups; one cup containing a "light and dark green" capsule and the other containing a pink colored liquid. (*Id.*) He further claims that, 15-30 minutes later, he felt dizzy and lethargic, passed out, and spent the next three days in bed, waking only occasionally to eat and use the bathroom. (*Id.* at 5). Plaintiff further claims that, due to this medication

error, he has since sought mental health assistance for increased anxiety. (*Id.*) Although the complaint did not specify the basis of Plaintiff's claims for relief, his response to Defendant's motion to dismiss clarifies that he is alleging a claim of deliberate indifference to his serious medical needs by Defendant, in violation of his rights under the Eighth Amendment of the United States Constitution and Article III, §§ 1 and 5 of the West Virginia Constitution, and that he is not making a claim of medical negligence under state law.[1] (ECF No. 47). Defendant filed a reply brief (ECF No. 48) and the motion to dismiss is ripe for adjudication.

## II. STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods*

---

[1] In light of this clarification, the undersigned finds it unnecessary to address Defendant's argument in her motion to dismiss concerning Plaintiff's failure to comply with the requirements of the West Virginia Medical Professional Liability Act, ("MPLA"), West Virginia Code § 55-7B-6.

*v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

### III. DISCUSSION

A. *The complaint fails to state an actionable Eighth Amendment claim.*

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable

3

measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.*, at 833.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "sufficiently culpable state of mind;'" that is, a "deliberate indifference to inmate health or safety." *Id.*, at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.,* at 837.

"In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id*. Nevertheless, mere negligence

4

or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and health care providers is very high. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). For example, in *Sosebee*, the Fourth Circuit found that if prison guards were aware that a steak bone had pierced an inmate's esophagus, causing infection that resulted in the inmate's death, and the guards had intentionally abstained from seeking medical help, such conduct <u>might</u> establish deliberate indifference to a serious medical need.

Defendant's motion documents assert that Plaintiff's allegations cannot establish the requirements of a deliberate indifference claim. In particular, she contends that his allegations are insufficient to establish the subjective component of the Eighth Amendment, asserting:

> Plaintiff has alleged only that he was given the incorrect medication and allegedly suffered from dizziness, was lethargic, sluggish, and is being treated by the Mental Health Provider. (See Plaintiff's Reply, p. 2). Throughout all allegations, Plaintiff never provides any evidence sufficient to support that this Defendant knowingly gave the Plaintiff the incorrect medication. Even taking the Plaintiff's allegations as true for the purpose of a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a finding of deliberate indifference requires more than a showing of mere negligence." *Farmer* at 835; *see also Estelle* at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

(ECF No. 48 at 3). Defendant asserts that Plaintiff makes a conclusory statement that Defendant acted with deliberate indifference to the "policies, procedures and safety protocols" of Wexford Health Sources, Inc., without sufficiently identifying any specific policy, procedure, or protocol. (*Id.*)

Defendant further contends that Plaintiff cannot set forth a sufficient factual predicate in regard to the subjective component of the test for deliberate indifference by showing that Defendant was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier* at 851. Rather, Plaintiff merely states that he took the medication provided without asking what it was for. (ECF No. 36 at 6-7).

Plaintiff's response generally contends that Defendant acted knowingly and intentionally with deliberate indifference to her employer's policy, procedure, and safety protocols" causing injury that was "more substantial than the three days of being bed ridden and lethargic, sluggishness, and temporary loss of mental acuity." (ECF No. 47 at 2). He further contends that he is being treated by the prison mental health provider for "acute anxiety" and speculates that Defendant's actions placed him at greater risk of "Heart Attacks, Stroke, High Blood Pressure, and Hypertension" and, thus, Defendant's actions "recklessly endangered" his health, safety, and well-being. (*Id.*)

At the outset, Plaintiff's allegations that he was sluggish and could not think clearly are insufficient to allege more than *de minimis* physical injury to support a recovery for mental or emotional injury. *See, e.g., Daniels v. Beasley*, 241 F. App'x 219, 220 (5th Cir. 2007) (claim that nurse gave inmate the wrong medication, resulting in excessive sleep, a loss of appetite, and a temporary loss of vision did not show more than *de minimis*

injury). Here, Plaintiff has alleged no more than *de minimis* injury that is insufficient to establish a serious medical need. Nonetheless, even if Plaintiff could satisfy the objective prong by showing a serious medical need, his blanket reliance on an alleged violation of the medical provider's policies and procedures, standing alone, is insufficient to satisfy the subjective component of the deliberate indifference standard, and he has failed to allege sufficient facts to show Defendant's subjective intent in order to establish an Eighth Amendment violation. In fact, the complaint's factual allegations suggest nothing more than negligence, which is not actionable under the Eighth Amendment. *See Miltier v. Beorn*, 896 F.2d 848, 851-52 (4th Cir. 1990) ("mere negligence; or malpractice does not violate the Eighth Amendment"); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977) (negligence is insufficient to demonstrate deliberate indifference to a serious medical need); *Simmons v. Moreno*, No. 1:20-cv-520 (TSE/JFA), 2021 WL 2930072, at *7 (E.D. Va. July 12, 2021) (negligent change in medication insufficient to rise to level of deliberate indifference). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, even taking the plaintiff's allegations as true, the plaintiff cannot state a plausible claim for relief against Defendant under the Eighth Amendment.

   B. *Plaintiff's state constitutional claims are not actionable.*

Plaintiff further claims that Defendant's actions violated his rights under Article III, §§ 1 and 5 of the West Virginia Constitution. However, in *Fields v. Mellinger*, the Supreme Court of Appeals of West Virginia held that "West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution." 851 S.E.2d 789 (W. Va. 2020). The presiding District Judge herein has held that "although *Fields* addressed Section 6, rather than Section 5, of Article III, several facets of the decision strongly suggest that its analysis applies with equal force

7

to Section 5." *Anderson v. Barkley*, No. 2:19-cv-00198, 2020 WL 7753290, at *2 (S.D.W. Va. Dec. 29, 2020); *see also Harrah v. Leverette*, 271 S.E.2d 322 (W. Va. 1980).

Moreover, Article III, § 1 of the West Virginia Constitution, which is the "Bill of Rights," provides "the basic principle" upon which the state's democratic structure is founded, but does not independently give rise to a cause of action. *See Delli-Veneri v. W. Va. Div. of Corr. & Rehab.*, No. 2:19-cv-00689, 2021 WL 1201670, at *5 (S.D.W. Va. Mar. 30, 2021) (citing *Allen v. State Human Rights Comm'n*, 324 S.E.2d 99, 109 (W. Va. 1984); *Schoonover v. Clay Cnty. Sheriff's Dep't*, No. 2:19-cv-00386, 2020 WL 2573243 (S.D.W. Va., May 21, 2020). Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state any plausible or actionable claim for relief under the West Virginia Constitution.

## IV.  RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Dismiss (ECF No. 35), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

October 13, 2021

Dwane L. Tinsley
United States Magistrate Judge